28496, 28497. CHARLES et al. v. CITIZENS &
SOUTHERN NATIONAL BANK et al.; and vice versa.
28498. CHARLES v. CITIZENS & SOUTHERN
NATIONAL BANK et al.

GUNTER, Justice.

These three appeals result from one judgment rendered in the trial court. Quite obviously, that judgment had very little appeal to the parties who have come here.

The Citizens & Southern National Bank, in its capacities as executor and trustee pursuant to the will of J. Shelly Charles, brought an action in the trial court seeking direction by the court with respect to the administration of the estate pursuant to the will and the administration of the trust established by the will. The bank's problem, stated succinctly, was this: It held assets as executor that under the terms of the will were to be delivered to itself as trustee, and if and when such transfer of assets was made, the same were to be administered by the bank as trustee pursuant to the provisions contained in the will that established the trust. The bank had not transferred such assets from itself as executor to itself as trustee because of an outstanding obligation of the estate to the testator's former spouse, Mrs. Alice Stone Charles. That obligation consisted of an alimony payment of one thousand dollars per month payable each month during the lifetime of the former spouse or until the remarriage of the former spouse. This obligation was contingent with respect to

total amount in the sense that monthly payments were to be made only during the lifetime of the former spouse or until her remarriage. The bank had been administering the estate as executor since 1959, and it now sought to conclude the administration of the estate by transferring the assets from itself as executor to itself as trustee, such assets and the trustee both being responsible for the payment of the alimony obligation in favor of the testator's former spouse. The former spouse opposed the transfer of assets to the trustee; she claimed that the alimony obligation was an obligation of the executor; and she further contended that the trustee administering the trust could not assume and be responsible for this obligation owed by the executor.

The matter was submitted to the trial judge pursuant to a stipulation of facts, he found that this was a controversy to be solved by a court of equity, and he entered a judgment directing the executor "to institute an equitable petition against Mrs. Alice Stone Charles to establish an equivalent portion of the estate of James Shelly Charles, deceased, in lieu of the monthly payments prescribed in the final judgment and decree of divorce in Charles v. Charles, Fulton Superior Court."

In No. 28496 Mrs. J. Shelly Charles, Sr., the testator's widow, has appealed for herself individually and as guardian ad litem for her and the testator's two minor children. Her contention is that the alimony obligation to the testator's former spouse, because of the uncertainty of the duration of the monthly payments, is not subject to lump-sum determination by a court of equity.

In No. 28497 the bank has appealed. It contends that the judgment below is erroneous in requiring it to bring an action against the testator's former spouse to establish a lump sum in lieu of the monthly instalment alimony obligation of the estate. It also contends that the judgment below was erroneous in not authorizing the bank as executor to transfer the subject assets to the bank as trustee. Its contention in this regard is that there is no legal prohibition to such a transfer, such a transfer would be in accord with the intent of the testator in establishing the trust, and such a transfer, by a proper

court order subjecting the transferred assets and the trustee to the payment of the monthly instalment alimony obligation, would in no way be financially detrimental to the testator's former spouse to whom the instalment alimony obligation is due.

In No. 28498 Mrs. Alice Stone Charles, the former spouse to whom the alimony obligation is due, has appealed. She contends that that part of the judgment below ordering a lump-sum determination of the alimony obligation due her is erroneous, and she also contends that the trial court's judgment denying her attorney fees as expenses of the litigation is erroneous. In response to the appeals by the other parties she contends that the judgment denying authorization to transfer assets from the executor to the trustee should be affirmed.

We now proceed to determine the issues raised by all parties in these three cases.

All parties object to the solution to this problem ordered by the trial court, namely, a lump-sum determination of the alimony obligation through court proceedings. All parties argue that since the duration of the alimony instalment payments is controlled in part by the "remarriage" of the former spouse, a lump-sum equivalent of such instalments is not legally ascertainable. We agree, and this part of the judgment below must be reversed. We do not here hold that an equivalent lump-sum is not legally ascertainable under the facts presented, but since none of the parties sought or expected this solution to the problem, then a court of equity should not order a solution opposed by all contesting parties.

The second issue that we confront is whether an executor, having estate assets designated in the will by the testator for distribution to a trustee, can distribute such assets to the trustee prior to the payment in their entirety of all debts owed by the testator's estate.

The former spouse to whom the alimony instalments are due in this case argues that such a distribution by an executor to a trustee prior to payment of all debts of the estate is prohibited by Code § 113-1001 which reads as follows: "Rules of Distribution. After the payment of expenses of administration and debts of the deceased, the

balance of the estate, both real and personal, shall stand subject to distribution among the heirs at law of the deceased, according to the rules hereinbefore prescribed." She cites in support of this position the case of *McIntosh v. Hambleton*, 35 Ga. 94, 99, where this court said: "Payment to heirs without having paid the debts, is illegal, contrary to the oath of office of administrator, and is very frequently the cause of trouble, expense and tedious litigation, all of which can easily be avoided by simply obeying the law."

We conclude that neither this Code section nor the quoted language from *McIntosh* prohibits an executor from distributing assets to a trustee provided such transferred assets are, either by a court judgment or by a mere contract between the executor and the trustee, impressed with and liable for the debts or obligations which said assets would have been liable for had they remained in the custody and control of the executor. In short, assets in the custody of an executor are liable to their full extent for the payment of debts of the estate whenever they mature, and those same assets distributed by an executor to a trustee pursuant to the terms of a will creating a trust remain liable, after such distribution and transfer, for the payment of the debts of the estate in the same manner as if said assets had remained in the custody of the executor. The trustee for good cause can decline to accept distribution of such assets impressed with such obligations, but if the trustee accepts distribution under such circumstances, then such transferred assets in the custody of the trustee are liable for such debts just as they were when they were in the custody of the executor.

We therefore hold that the judgment below was erroneous in holding that the executor could not transfer the assets in this case to the trustee subject to such assets being liable after the transfer for the alimony obligation to the testator's former spouse.

The testator's former spouse also objects to the distribution of the assets to the trustee as follows: "To distribute the assets from the executor to the trustee would remove appellee from her secure position as a judgment creditor of the estate and from her position as

an obligee under the separation agreement and would place her in the tenuous position of being subject to the widow's power of appointment, and the trustee's power to encroach." We have held above that such distribution does not affect her position as a judgment creditor. She would be placed in no tenuous position with respect to the widow's power of appointment, because as we read the will the widow has the power of appointment whether the assets are in the custody of the executor or in the custody of the trustee. With respect to the trustee's power to encroach, the trustee would be liable for any encroachment that prevented it from paying the alimony obligation since the assets encroached upon are charged with and liable for the alimony instalment payments.

Another issue presented is whether the trial court had jurisdiction in this case. The former spouse of the testator contends that the trial court did not have jurisdiction, and that the action should have been dismissed. Code § 37-404 provides in part as follows: "In cases of difficulty . . . in distributing estates . . . the representative may ask the direction of the court, but not on imaginary difficulties or from excessive caution."

The executor desired to distribute the assets involved in this case to a trustee. The former spouse, a judgment creditor, opposed such distribution. This litigation shows that the difficulties of distribution were not imaginary and that the executor and the trustee did not proceed with the action below because of "excessive caution." We hold, as the trial judge did, that this was a proper controversy for determination in a court of equity.

The last issue that we deem it necessary to treat in this opinion is the contention by Mrs. Alice Stone Charles in her appeal in No. 28498 that the judgment below was erroneous in that it did not award her attorney fees as expenses of litigation. This part of the judgment was not erroneous, and in this respect it is affirmed.

*Judgment in Nos. 28496 and 28497 reversed. Judgment in No. 28498 affirmed in part; reversed in part. All the Justices concur.*

ARGUED JANUARY 16, 1974 — DECIDED MAY 7, 1974.

*Westmoreland, Hall, McGee & Warner, John L. Westmoreland, J. M. Crawford, Edward E. Bates, Jr.,* for Mrs. J. Shelly Charles.

*Gambrell, Russell, Killorin, Wade & Forbes, William L. O'Callaghan, Jr., John D. Saunders,* for C. & S. Nat. Bank.

*Alex McLennan, Tom Pye,* for Alice S. Charles.